STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
ABDUL MOJIB, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 21, 1954—Decided June 28, 1954.

306

Before Judges EASTWOOD, FREUND and FRANCIS.

*Mr. Donald G. Collester*, Prosecutor of Passaic County, argued the cause for the respondent.

*Mr. Joseph Tenner*. a member of the Bar of the State of New York, argued the cause for the appellant (*Mr. Colombo Cammarano*, of counsel).

The opinion of the court was delivered by

EASTWOOD, S. J. A. D. ▓ This appeal, like many prosecuted by prisoners, is not supported by an appendix as required by *R. R.* 1:7–1(*f*), 2. We think the comments of Judge McGeehan, in the case of *State v. Miller*, 16 *N. J. Super.* 251 (*App. Div.* 1951); *cert.* den., 342 *U. S.* 934, 72 *S. Ct.* 379, 96 *L. Ed.* 695, may be aptly applied here:

"While we treat a prisoner's appeal in a *habeas corpus* proceeding with liberality and, as far as feasible, overlook technical defects, the appeal must be determined on the relevant record before this court. Therefore, the factual allegations contained in the briefs which are not supported by the record must be disregarded in the determination of this appeal."

On March 25, 1953 the appellant was tried before and found guilty by a jury on an indictment charging him with atrocious assault and battery. He was sentenced to the New Jersey State Prison for a term of not less than two nor more than three years.

The Passaic County Court granted appellant's application for the issuance of a writ of *habeas corpus* to review the validity of his conviction, and thereby determine whether his constitutional rights were violated by the trial court's

refusal to permit him and certain state witnesses, who were Moslems, to be sworn on the Koran, rather than the Christian Bible. Following a hearing, the County Court discharged the writ.

When appellant's appeal was reached for argument this court acceded to his request to permit one familiar with the tenets of his faith to orally argue the appeal. Accordingly, Mr. Joseph Tenner of the New York Bar, by permission of the court, filed a supplemental brief and argued the appeal.

■ At the outset, appellant's challenge of the validity of his conviction is directed at an alleged trial error and may not be reviewed by *habeas corpus* proceedings, but solely by appeal. Such an appeal was not undertaken. Accordingly, the appeal must be dismissed. *In re Scridlow,* 124 *N. J. L.* 342 (*Sup. Ct.* 1940); *In re Caruso,* 10 *N. J.* 184 (1952); *State v. Zee,* 16 *N. J. Super.* 171 (*App. Div.* 1951); *cert. den.,* 343 *U. S.* 931, 72 *S. Ct.* 766, 96 *L. Ed.* 1340; *State v. Graham,* 19 *N. J. Super.* 70 (*App. Div.* 1952).

However, in view of the fact that the parties briefed and argued the substantial question raised by appellant, we have carefully considered the alleged error and find no merit therein.

Adverting to our opening statement, no record has been furnished to support the appellant's assertion that: "Complainants in the original trial were all of the Islamic Faith. Attorney for appellant requested the witnesses be sworn on the Koran—the equivalent, to the Moslem, of the Bible. This was denied by the Court."

In fact, there is no record presented to the court to indicate that the witnesses in question were of the Islamic Faith and when sworn that any objection was interposed by them or on their behalf to taking the usual oath, nor that there was any insistence they be sworn on the Koran. The only reference concerning the question is found in the State's brief, to wit:

"* * * The witnesses made no protest about the oath administered nor the method of giving it. On the contrary they sig-

nified their assent after the Clerk had completed the administration of the oath. * * * it is true that defense counsel did inform the trial court of the religious beliefs of the defendant and several of the State's witnesses before the witnesses were sworn, * * *. However, it is significant that the witnesses interposed no objection to the form of the oath nor that the oath so administered would not be binding on them to tell the truth. As to the appellant, he was permitted to testify under the oath administered in accordance with the statute."

 The appellant argues, in substance, that because of the trial court's refusal to permit the witnesses and the defendant to be sworn on the Koran, no credibility may attach to their testimony. However, the defendant concedes that he cannot say that any testimony was actually perjurious. It is, therefore, apparent that, even if we concede, *arguendo*, the witnesses were entitled to be sworn on the Koran, no manifest harm or prejudice was suffered by the appellant.

Appeal dismissed.